UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY,

                              Plaintiff,

            -against-

ERIC WEINER, ARTHUR WEINER, and DIANE
FENNER,

                              Defendants.

**MEMORANDUM & ORDER**
**19-CV-499 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Allstate Insurance Company ("Allstate") brings this action against Eric Weiner, Arthur Weiner (collectively, the "Weiners"), and Diane Fenner, seeking a declaration that it is under no obligation to defend the Weiners in a state court action initiated by Fenner. (Compl. (Dkt. 1).) Before the court is Plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Mot. for J. on the Pleadings ("Mot.") (Dkt. 20).) For the reasons stated below, the motion is DENIED.

## I.   BACKGROUND

### A.   Facts

The court draws the following statement of facts from the pleadings and accepts Defendants' factual allegations as true for the purposes of Allstate's motion for judgment on the pleadings. *See, e.g.*, *Montgomery v. Holland*, 408 F. Supp. 3d 353, 361 (S.D.N.Y. 2019).[1]

Allstate issued a homeowner's insurance policy to Beatrice Weiner, the late mother of the Weiners, to cover the premises

---

[1] When quoting cases, unless otherwise noted, citations and quotation marks are omitted and all alterations are adopted.

located at 2209 East 59th Place in Brooklyn, New York (the "premises"). (Compl. ¶ 1.) Beatrice passed away in 2013, but the Weiners did not inform Allstate of her passing and renewed the insurance policy three times. (*Id.* ¶¶ 16-18.) The insurance policy states, in relevant part:

> "You" or "your" means the person named on the Policy Declarations as the insured…If you die, coverage will continue until the end of the premium period for: 1) Your legal representative while acting as such, but only with respect to the residence premises and property covered under this policy on the date of your death. 2) An insured person, and any person having proper temporary custody of your property until a legal representative is appointed and qualified.

(Compl. ¶¶ 13-14.)

In February 2017, while the Weiners owned and managed the premises, Fenner suffered a slip-and-fall accident at the premises and sought to recover damages from the Weiners in state court (the "underlying action"). (*Id.* ¶ 8; *see also* Summons & Compl., *Fenner v. Weiner et al.*, Index No. 509531/2018 (Sup. Ct. Kings Cty.) ("Fenner Summons & Compl.") (Dkt. 1-3).) Allstate alleges that it began providing a defense for the Weiners under the policy before it learned of Beatrice's death. (Compl. ¶¶ 16-17.)

Defendants deny almost all of the allegations in the complaint. Fenner admits that this is a declaratory judgment action, that she is an adult resident of New York State, and that the amount in controversy is greater than $75,000. (*See* Fenner Answer (Dkt. 13) ¶¶ 1, 5-6.) Both parties admit that Fenner initiated the underlying action against the Weiners, and that the underlying action was due to a slip and fall accident that occurred on February 22, 2017 at the premises. (*See* Fenner Answer ¶¶ 8-11; Weiner Answer (Dkt. 12) ¶¶ 2-6.) The Weiners admit that the complaint in the underlying action alleges that Eric Weiner and Arthur Weiner owned, controlled, and managed the premises

and that there was an inherently dangerous latent defect and condition existing on the premises which was caused by the Weiners and of which they had actual or constructive notice. (*See* Weiner Answer ¶¶ 5-6.) The Weiners also admit that Fenner sustained injuries when she slipped and fell in the bathroom at the premises as a result of the inherently dangerous latent defect and condition. (*Id.*) Lastly, the Weiners admit that Allstate has been providing a defense to them in the underlying action under an Allstate Deluxe Homeowners Policy issued to Beatrice Weiner (*See id.*)

Additionally, Defendants assert numerous affirmative defenses against Allstate in which they allege, *inter alia*, that Allstate did not disclaim coverage in a timely manner pursuant to New York law (*See* Weiner Answer ¶ 11; Fenner Answer ¶ 46, ¶ 51), that Allstate accepted payments from the Weiners at the time of the underlying action without subsequently reimbursing them (Fenner Answer ¶ 47), and that Allstate knew of Beatrice's death at the time of the renewal of the policy term that was in effect at the time of Fenner's accident. (*See id.* ¶ 48.)

### B.  Procedural History

Plaintiff filed its original complaint on January 5, 2019. (*See* Compl.) Currently pending before the court is Plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (*See* Mot.; Mem. in Supp. of Mot. for J. on the Pleadings ("Mem.") (Dkt. 20-1); Fenner Mem. in Opp. to Mot. for J. on the Pleadings (Dkt. 21); Weiner Mem. in Opp. to Mot. for J. on the Pleadings (Dkt. 22); Reply to Fenner Opp. (Dkt. 23); Reply to Weiner Opp. (Dkt. 24).)

## II.  LEGAL STANDARD

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible

merely by considering the contents of the pleadings." *MAVL Capital, Inc. v. Marine Transp. Logistics, Inc.*, 130 F. Supp. 3d 726, 728 (E.D.N.Y. 2015) (quoting *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988)). "The standard to evaluate a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). A party is entitled to judgment on the pleadings "only if it has established 'that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" *Bailey v. Pataki*, No. 08-CV-8563 (JSR), 2010 WL 234995, at *1 (S.D.N.Y. Jan. 19, 2010) (quoting *Juster Assocs. v. Rutland*, 901 F.2d 266, 269 (2d Cir. 1990)). The court "accept[s] the non-moving party's allegations as true and view[s] the facts in the light most favorable to that party." *Montgomery*, 408 F. Supp. 3d at 361. A defendant raising plausible affirmative defenses in her answer will generally bar a plaintiff's motion for judgment on the pleadings. *See Oneida Indian Nation v. Phillips*, 397 F. Supp. 3d 223, 229 (N.D.N.Y. 2019).

In evaluating a motion for judgment on the pleadings, a court may consider the pleadings and attached exhibits, documents and statements "incorporated by reference," and documents over which a court may take judicial notice. *See Levine v. City of New York*, No. 01-Civ-3119 (DC), 2002 WL 5588, at *1 (S.D.N.Y. Jan. 2, 2002) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (holding that courts may consider an extrinsic document when the complaint "relies heavily upon its terms and effect").

## III. DISCUSSION

In deciding Plaintiff's motion, the court considers the complaint, the answers, the documents from the underlying state court proceeding, and the insurance policy.[2] (*See* Compl.; Fenner Summons & Compl.; Allstate Homeowners Ins. Policy (Dkt. 1-4); Weiner Answer; Fenner Answer.) The court declines to consider any additional documents, which would likely require the court to covert Plaintiff's 12(c) motion to a motion for summary judgment under Rule 56. *See Carione v. United States*, 368 F. Supp. 2d 186, 191 (E.D.N.Y. 2005).

Allstate seeks a declaration that it has no duty to defend the Weiners and that it has no duty to indemnify them. "The duty to defend is measured against the allegations of pleadings but the duty to pay is determined by the actual basis for the insured's liability to a third person." *Servidone Constr. Corp. v. Sec. Ins. Co.*, 64 N.Y.2d 419, 424 (1985).[3] To determine whether the duty to defend arises, the court compares the "allegations of the complaint [in the underlying action] to the insurance policy's terms." *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 252 (S.D.N.Y. 2013). "Under New York law, insurance policies

---

[2] The insurance policy and the summons and complaint in the underlying action are attached to the complaint, and may therefore be considered as part of the 12(c) motion. *See Levine*, 2002 WL 5588, at *1.

[3] Because this is a diversity action, the court looks to New York State choice of law rules in order to determine the applicable law. *Globalnet Financial.Com Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 382 (2d Cir. 2006). Plaintiff asserts, and Defendants do not contest, that New York law applies. Also, the parties cite overwhelmingly to New York cases. The court therefore assumes that New York law applies. See *Von Rohr Equip. Corp. v. Tanner Bolt & Nut Corp.*, No. 17-CV-2913 (NGG), 2017 WL 5184676, at *4 n.3 (E.D.N.Y. Nov. 6, 2017) ("Because the parties do not dispute the issue and have not suggested an alternative, the court is not obligated to consider the issue *sua sponte* and instead concludes that the parties have consented to application of the law of New York.").

are interpreted according to general rules of contract interpreta-
tion." *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 98 (2d Cir.
2012).

Allstate's motion rests on a single-legged stool; the only argu-
ment it advances is that the terms of the insurance policy entitle
it to judgment as a matter of law. (*See* Mem. at 9-14.) Even if
Allstate is correct that the terms of the insurance policy do not
contemplate the insured's successors renewing the policy after
the insured dies,[4] this would be insufficient to entitle it to judg-
ment on the pleadings. Because insurance policies are
"interpreted according to general rules of contract interpreta-
tion," *Olin Corp.*, 704 F.3d at 98, Allstate may still have a duty to
defend or indemnify the Weiners despite the terms of the policy.
Here, Defendants allege in their affirmative defenses that Allstate
waived its right to rescind the policy by failing to disclaim cover-
age in a timely manner, that it continued to accept premiums at
the time of the underlying action and has not subsequently reim-
bursed those premiums, and that it knew of Beatrice's death at
the time of the policy renewal that was in effect at the time of
Fenner's accident. If proven, these allegations may overcome the
express language of the insurance policy. *See United States Life
Ins. Co. in the City of New York v. Blumenfeld,* 92 A.D.3d 487, 488
(1st Dep't 2012) ("[A]n insurer that accepts premiums after
learning of facts that it believes entitles it to rescind the policy
has waived the right to rescind"); *Pratz v. Wayne Coop. Ins. Co.*,
187 Misc.2d 894, 898 (N.Y. Sup. Ct. 2001) (reforming insurance
policy to include the brother of the deceased named insured after

---

[4] One of the cases on which Allstate primarily relies, *Ramsey v. Allstate Ins.
Co.*, 416 F. App'x 516 (6th Cir. 2011), undermines Allstate's argument.
While the Sixth Circuit did find that, under Ohio law, "the express insur-
ance contract terminated at the end of the premium period following" the
insured's death, *id.* at 519, the court also acknowledged a continued "pos-
sibility of Allstate being responsible for coverage on an estoppel or implied
contract theory" after the insured's death, *id.* at 521.

insurer denied coverage); *see also Princeton Restoration Corp. v. Int'l Fid. Ins. Co.*, 338 F. Supp. 2d 391, 396-97 (E.D.N.Y. 2004) (collecting cases).

Accepting as true the factual allegations within Defendants' affirmative defenses, genuine issues of material fact remain that prevent Allstate from obtaining judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated above, Allstate's (Dkt. 20) motion for judgment on the pleadings is DENIED. The parties are DIRECTED to contact the chambers of Chief Magistrate Judge Cheryl L. Pollak for next steps for the case.

SO ORDERED.

Dated:      Brooklyn, New York
            July 20, 2020

                                    /s/ Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge

7